UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

GARVIN G. BURTON,

        Petitioner,

v.                                               Case No. 06-CV-557

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

This matter comes before the court pursuant to Garvin Burton's 28 U.S.C. § 2255 motion to vacate, set aside, or correct the current federal sentence he is serving. In a Rule 4 Order, this court dismissed two counts of Burton's petition for failing to establish a ground for relief under § 2255. The court also directed that Burton's trial attorney file an affidavit with the court detailing the merits of Burton's position, and the court further directed that the government file a response to his petition. The court has reviewed all of these filings and is now prepared to address the merits of the petition. For the reasons set forth below, Burton's § 2255 petition will be denied.

## BACKGROUND

On May 4, 2004, a grand jury sitting in this district returned a single-count indictment charging Garvin Burton ("Burton") with a drug-related offense in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(B), and 846. Burton pled guilty to this single-count indictment, and, on May 6, 2005, Burton was sentenced to a term of 60 months'

imprisonment followed by a term of four years' supervised release. The court also imposed a $2,000.00 fine and a special assessment in the amount of $100.00. Burton appealed this judgment and conviction on August 25, 2005; however, the Seventh Circuit dismissed this appeal on February 1, 2006, for lack of jurisdiction because Burton missed the deadline for filing a timely appeal, and this court did not grant an extension for such a filing.

## ANALYSIS

Burton raises an ineffective assistance of counsel in his § 2255 petition and argues that his attorney was ineffective for failing to file a notice of appeal on his behalf. Relief under 28 U.S.C. § 2255 "is reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), and "is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States,* 29 F .3d 1107, 1112 (7th Cir. 1994) (quotations omitted).

In his petition, Burton argues that he was denied the effective assistance of counsel because his attorney failed to file a notice of appeal on his behalf. As the court previously noted in the Rule 4 order, failure to file an appeal as requested constitutes ineffective assistance of counsel because such conduct falls below an objective standard of reasonableness. *Roe v. Fores-Ortega*, 528 U.S. 470, 477 (2000). Although claims for ineffective assistance of counsel are often governed under the two-pronged "performance" and "prejudice" standards set forth in *Strickland v. Washington*, 466 U.S. 668, 668-94 (1984), when a petitioner claims

-2-

ineffective assistance of counsel for a failure to file a requested appeal, the petitioner is not required to show "prejudice" because such attorney's conduct is a *per se* violation of the petitioner's Sixth Amendment right to counsel. *See United States v. Nagib*, 56 F.3d 798, 801 (7th Cir. 1995); *see also Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994).

To succeed on a claim for ineffective assistance of counsel due to an attorney's failure to file a notice of appeal, the Seventh Circuit has required a finding that the defendant actually requested to file a timely appeal. *Kusay v. United States*, 62 F.3d 192, 196 (7th Cir. 1995). If a defendant does not make a request for an appeal in open court, or communicate a desire to appeal to his attorney within 10 days, then relief is not available under § 2255. *See Nagib*, 56 F.3d at 800-801. The Seventh Circuit has held that a petitioner must establish these elements through specific and particularized affidavits. *See Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). Under *Castellanos*, a defendant must offer proof that a request for an appeal was affirmatively and timely made to his counsel in order to state a claim of ineffective assistance of counsel. *Castellanos*, 26 F.3d at 719.

Therefore, the court must look to the proof Burton offers in order to determine whether his claims support relief under § 2255. Burton submitted three affidavits: his own, an affidavit of William Burton, and a signed (but unsworn) letter from Chanel Walton. The court has reviewed these filings and finds that they do not provide the necessary information and requirements to entitle Burton to relief. In the first filing, submitted by William Burton, Garvin's father, he primarily discusses events taking

place prior to Burton's sentencing hearing. (Garvin Burton Aff'd, Docket # 8 - Page 2). Although he describes the difficulties his son had contacting his attorney during the pendency of his case, he does not supply the necessary information that he had personal knowledge of his son timely requesting an appeal to be filed and that Attorney Kostich failed to do so. (*See id.*) Similarly, the letter filed by Chanel Walton does not specifically state that Burton timely requested an appeal to be filed; she simply argues that Attorney Kostich failed to return phone calls and states that he and his staff were unprofessional in handling Burton's case. (Chanel Walton Letter, Docket # 8 – Page 7).

In Burton's own affidavit, he also expresses dissatisfaction with the communication he had with his attorney during the pendency of his case. (Garvin Burton Aff'd, Docket #8, Pages 3-6). He does not state that he specifically requested that an appeal be filed, and his other statements make his affidavit appear untruthful and untrustworthy. The record in Burton's underlying case plainly contradicts the statements he makes in his affidavit. Burton states that he was promised a sentence between 48-57 months, yet in the plea agreement it states that the "parties understand and agree that the offense to which the defendant will enter a plea of guilty carries a *minimum* term of imprisonment of five years." (Burton Plea Agreement ¶ 6) (emphasis added). In other regards, Burton's affidavit belies his sworn statements to the court during his Rule 11 hearing. During the court's plea colloquy, Burton stated that he had no agreements with anyone else except what had been set forth in the actual plea agreement; he noted the fines and penalties on

the record; and he further stated that he had discussions with his attorney about his case and the sentencing guidelines. (*See* November 19, 2004 Change of Plea Hearing). Burton now claims that he was confused and mislead by his attorney, but the court must give credence to his previous statements made under oath. Courts must take Rule 11 hearings seriously and bind defendants to their sworn statements made in open court. *See Hugi v. United States*, 164 F.3d 378, 381 (7th Cir. 1999). The Seventh Circuit has held that "great weight" will be placed on in-court statements made during a Rule 11 Colloquy, and these statements are credited over a defendant's later claims. *United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir.1999).

Against Burton's affidavits, the court must also consider the sentencing hearing and the affidavit and exhibits filed by Attorney Kostich, both of which further belie Burton's statements. At the close of Burton's sentencing hearing, this court advised him of his right to appeal, and further informed him of the time limits, *in forma pauperis* rights, and that electing not to file a timely appeal resulted in a waiver of any of these rights. (*See* May 5, 2005 Sentencing Hearing). Attorney Kostich's affidavit states that following the sentencing hearing, he did discuss Burton's appeal rights with him. (Attorney Kostich Aff'd ¶ 4). He stated at the time of this discussion, Burton did not request a notice of appeal to be filed. (*Id.*) Furthermore, Attorney Kostich submitted letters that he sent to Burton after the date of his sentencing hearing to inform him of the docketing of the judgment and providing him with an actual copy of the signed judgment. The court finds this to be

-5-

Case 2:06-cv-00557-JPS   Filed 05/14/08   Page 5 of 7   Document 11

relevant because it clearly demonstrates that Attorney Kostich maintained contact with Burton following the sentencing, and it further contradicts Burton's statements that he was unable to reach his attorney.

Although Burton may have eventually desired an appeal,[1] it is clear from the record that he did not timely request that Attorney Kostich file one on his behalf. Burton has failed to meet his burden to produce evidence that he expressed a desire to appeal and communicated this desire to his attorney within the requisite time frame. *See Kafo*, 467 F.3d at 1066-67. In the absence of such evidence, Burton's petition must be denied. *See id; see also Sewell v. United States*, 2007 WL 4287562 (S.D.Ill. 2007).

As a final matter, the court must also deny Burton's request for an evidentiary hearing. In a § 2255 proceeding, the district court is not required to grant an evidentiary hearing on a prisoner's claims where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255 . The court concludes that on the basis of the filings, Burton is unable to establish that he timely requested an appeal and that his attorney failed to file such notice on his behalf. As such, he is unable to establish ineffective assistance of counsel and the court is constrained to deny his petition without a hearing.

Accordingly,

---

[1] Burton filed a notice of appeal (pro se) on August 25, 2005, over three months beyond the deadline for filing a timely appeal. This appeal was dismissed by the Seventh Circuit on March 1, 2006, for want of jurisdiction.

**IT IS ORDERED** that Burton's § 2255 petition (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the United States' motion to file a response instanter (Docket #10) be and the same is hereby **GRANTED.**

The Clerk is directed to file judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of May, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-7-
Case 2:06-cv-00557-JPS   Filed 05/14/08   Page 7 of 7   Document 11